IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Grady W. Powers, | ) | |
| | ) | C.A. No. 2:18-2227-HMH-MGB |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| United States of America, Warden | ) | |
| B. Mosley, Jeff Sessions, Mark Castro, | ) | |
| Unit Manager Laugh, G. Brunson, | ) | |
| Ms. Broadwater, Lt. Collister, Charles | ) | |
| Bray, and Unites States Attorney for the | ) | |
| District of South Carolina, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Grady W. Powers ("Powers"), a federal prisoner proceeding pro se, filed this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Powers alleges violations of his First Amendment free exercise rights. Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In her Report and Recommendation filed on April 2, 2019, Magistrate Judge Baker recommends granting Defendants' motion to dismiss because (1) Defendants Warden B. Mosley, Unit Manager Laugh, and Jeff Sessions have

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

sovereign immunity, and (2) based on Ziglar v. Abbasi, 137 S. Ct. 1843 (2017), Powers' First Amendment claims present new Bivens contexts and there are special factors counseling against implying a remedy under Bivens. (R&R, generally, ECF No. 45.)

Powers filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Powers' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean two specific objections. Powers objects to the magistrate judge's conclusions (1) that Powers' claims present a new Bivens context, and (2) that there are "special factors counseling hesitation" pursuant to Ziglar. (Objs. 4-7, ECF No. 50.)

The Supreme Court of the United States has recognized implied causes of action under Bivens in the context of the Fourth, Fifth, and Eighth Amendments. Bivens, 403 U.S. at 397 (recognizing implied cause of action for an unreasonable search and seizure in violation of the Fourth Amendment); Davis v. Passman, 442 U.S. 228, 243-44 (1979) (recognizing implied cause of action for Fifth Amendment due process claim alleging gender discrimination); Carlson v. Green, 446 U.S. 14, 18-21 (1980) (recognizing implied cause of action for Eighth Amendment cruel and unusual punishment claim). In Ziglar, the Supreme Court stated that

expanding the Bivens remedy to claims other than those previously recognized by the Supreme Court is a "disfavored judicial activity." Ziglar, 137 S. Ct. at 1857. To decide whether an implied cause of action exists under Bivens, the court must determine (1) if the case presents a new Bivens context, and (2) if there are "special factors counseling hesitation" against implying a remedy. Id. at 1857-59.

In this case, Powers first objects to the magistrate judge's conclusion that his claim presents a new Bivens context. (Objs. 4-5, ECF No. 50.) In support of this argument, Powers argues that the Supreme Court has previously assumed without deciding that a First Amendment claim is cognizable under Bivens, and that a Bivens action is already available for free exercise claims based on Mack v. Loretto, 839 F.3d 286, 297 (3d Cir. 2016) (recognizing implied cause of action under Bivens for First Amendment retaliation claim). (Id. 5, ECF No. 50.) However, to determine whether a case presents a new Bivens context, the court examines whether "the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court[.]" Ziglar, 137 S. Ct. at 1859. Powers fails to cite any precedent from the United States Court of Appeals for the Fourth Circuit or the Supreme Court that recognizes a free exercise claim as cognizable under Bivens. Moreover, Powers presents no argument about how his claims are not "different in a meaningful way" from the claims presented in Bivens, Davis, and Carlson. See id. Accordingly, Powers' first objection is without merit.

Second, Powers objects to the magistrate judge's conclusion that there are special factors counseling hesitation against implying a remedy under Bivens and submits that the factors identified by the magistrate judge are insufficient to counsel hesitation. (Objs. 6, ECF No. 50.) Powers argues that the alternative administrative remedies through the Federal Bureau of Prisons' ("BOP") administrative grievance process were insufficient to address his claims and

3

that congressional intent regarding a prisoner's free exercise claim is "too speculative."  (Id., ECF No. 50.)  However, administrative remedies available through the BOP and Congress' legislation in the area of prisoners' rights are both relevant factors for the court to consider when determining the existence of special factors counseling hesitation against implying a remedy under Bivens.  Ziglar, 137 S. Ct. at 1857-58 (noting that congressional action in a certain area and the existence of alternative remedial structures are both factors that could counsel hesitation).  Accordingly, Powers' second objection is without merit.

Finally, Powers requests that if the court overrules his objections, the court "either (1) constru[e] his Free Exercise claim as arising under the [Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb-1]; or (2) permit[] Powers to prepare and submit a second amended complaint alleging a Free Exercise claim under the RFRA and continuing with an analysis of his Retaliation claim forthwith under Bivens."  (Objs. 2, ECF No. 50.)  However, Powers has not shown how he would be entitled to relief under the RFRA, which requires Powers to demonstrate that the government has "substantially burden[ed]" his exercise of religion.  § 2000bb-1(a).

In this case, it would be futile to allow amendment to allege a claim under the RFRA because Powers only complains of exposure to a cellmate and has failed to allege any effect on his ability to freely exercise his religion.  See Jehovah v. Clarke, 798 F.3d 169, 180 (4th Cir. 2015) (noting that a complaint regarding exposure to a cellmate, rather than a complaint regarding effect on religious activities, is insufficient to demonstrate a substantial burden on religion); McKnight v. MTC, 3:15-CV-1647-K, 2015 WL 7735910, at *1 (N.D. Tex. Nov. 30, 2015) (unpublished) (adopting Report and Recommendation and denying leave to amend complaint that alleged claims based on prisoner's religious objections to being housed

4

with homosexual cellmate); Damron v. Jackson, C.A. No. 2:09-cv-050, 2011 WL 4402767, at *8 (S.D. Ohio Sept. 21, 2011) (unpublished) (holding that prisoner's complaint involving his religious objections to being housed with non-white and homosexual cellmates failed to make a prima facie showing of "a substantial burden on his ability to practice his religion").[2] See also Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) ("[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."). Accordingly, the court declines to construe Powers' claims as arising under the RFRA and denies leave to amend.

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts the magistrate judge's Report and Recommendation.

It is therefore

**ORDERED** that Defendants' motion to dismiss, docket number 41, is granted.

**IT IS SO ORDERED.**

                s/Henry M. Herlong, Jr.
                Senior United States District Judge

Greenville, South Carolina
May 23, 2019

---

[2] These cases all involved claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.*, which uses the same strict scrutiny standard as the RFRA. § 2000cc-1 (setting forth RLUIPA strict scrutiny standard); § 2000bb-1 (setting forth RFRA strict scrutiny standard).

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.